IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: **21-cv-21400-BLOOM/OTAZO-REYES**

DALADIER BURGOS

    Plaintiff,

v.

AT&T CORP

    Defendant.

_____/

**PLAINTIFF'S AGREED MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, DALADIER BURGOS, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1 hereby moves for leave to file a First Amended Complaint to substitute Bellsouth Telecommunications, LLC for AT&T Corp as the sole defendant in this matter, and in further support, states as follows:

**BACKGROUND**

On April 12, 2021, Plaintiff filed a lawsuit against AT&T Corp ("AT&T") alleging unlawful discrimination, hostile work environment, and disparate treatment based on his race and/or national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Through communications between counsel, Defendant's counsel informed Plaintiff's counsel that, although Plaintiff worked for "AT&T" in a general sense, his actual employer was Bellsouth Telecommunications Inc. ("Bellsouth"), and that AT&T was not a proper defendant in this matter. Plaintiff asked for Defendant's consent to file a First Amended Complaint for the purposes of substituting Bellsouth for AT&T, and Defendant agreed to the relief sought herein.

*See* Correspondence between Plaintiff's counsel, Roy Lyford-Pike, Esq., and Defendant's counsel, Zahira Diaz, Esq,, attached hereto as **Exhibit 1**.

### ARGUMENT

Plaintiff should be allowed to file a First Amended Complaint because it serves the interests of justice.  Pursuant to Fed. R. Civ. P. 15(a)(2), the Court should "freely give leave [to amend] when justice so requires."  Additionally, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*.  Here, the opposing party has consented to the amendment in writing.  *See* **Exhibit 1**.  Furthermore, a party who requests leave to amend ordinarily must be given at least one opportunity to do so before the complaint is dismissed.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  A district court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id*.

Here, there has been no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies.  Instead, this is Plaintiff's first Motion to Amend and it is made within the timeframe allowed for amendments in this Court's scheduling order.  *See* [DE10] (Amended pleadings deadline is July 19, 2021).  Moreover, there would be no undue prejudice to Defendant—indeed, Defendant consents to this motion.  Finally, the amendment would not be futile.  The amendment is critical to ensure that the proper defendant is before this Court in this action, and that the wrongly named defendant is released.  A copy of Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit 2**.

## CONCLUSION

For the good cause shown above, and because leave to amend should be "freely given" and the motion is filed with consent, this Court should grant the instant motion and allow Plaintiff to file the attached First Amended Complaint.

Respectfully submitted,

/s/ Dana M. Gallup
Dana M Gallup, Esq.
Fla Bar No. 949329
Gallup Auerbach
4000 Hollywood Blvd
Suite 265 South
Hollywood, Florida 33021
P: (954) 889-5125
Email:  dgallup@gallup-law.com

/s/ Roy Lyford-Pike
Roy Lyford-Pike, Esq.
*Pro Hac Vice*
MD Bar No. CPF151260070
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
P: (301) 587-9373
Email: rlpike@zagfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dana M. Gallup
Dana M. Gallup. Esq.

## SERVICE LIST

| | |
|---|---|
| Roy Lyford-Pike, Esq.<br>*(Admitted Pro-Hac Vice)*<br>Zipin, Amster & Greenberg, LLC<br>8757 Georgia Avenue<br>Suite 400<br>Silver Spring, Maryland 20910<br>Telephone: (301) 587-9373<br>RLyfordpike@ZAGFirm.com<br>*Attorneys for Plaintiff* | Zahira D. Díaz-Vázquez, Esq.<br>AT&T Services, Inc. – Legal Department<br>One CNN Center, SW1433C<br>Atlanta, GA 30303<br>Telephone (404) 893-7625<br>zahira.diaz@att.com<br>*Attorney for Defendant* |