IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: **21-cv-21400-BLOOM/OTAZO-REYES**

DALADIER BURGOS

    Plaintiff,

v.

BELLSOUTH TELECOMMUNICATIONS, LLC

    Defendant.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, DALADIER BURGOS, through counsel, hereby submits this First Amended Complaint for damages arising from unlawful (i) discrimination based on race; (ii) discrimination based on national origin, and (ii) unlawful retaliation violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against his employer, Defendant, BELLSOUTH TELECOMMUNICATIONS, LLC.  In support, Plaintiff alleges as follows.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Miami-Dade County, Florida.

2. Plaintiff is an adult male with dark skin pigmentation appearing substantially similar to the skin pigmentation commonly associated with individuals of African American ancestry.

3. Plaintiff is a United States citizen with a national origin of the Dominican Republic.

4. Defendant is a Corporation formed under the laws of the State of Georgia.

5. Defendant operates out of a principal address located in Atlanta, Georgia.

6. At all times relevant to this action, Defendant employed more than fifty (50)

1

employees, including Plaintiff.

7. At all times relevant to this action, Defendant operated substantially and continuously from an office in Miami-Dade County, Florida, located at 600 NW 79th Avenue, Miami, Florida 33126.

8. At all times relevant to this action, Plaintiff was employed by Defendant to perform employment duties at Defendant's office in Miami-Dade County, Florida, located at 600 NW 79th Avenue, Miami, Florida 33126.

9. The acts and omissions giving rise to this action occurred at Defendant's office in Miami-Dade County, Florida, located at 600 NW 79th Avenue, Miami, Florida 33126.

10. Plaintiff seeks damages and relief against Defendant arising out of violations of Title VII, a Federal Statute.  As such, this Court confers subject matter jurisdiction over Plaintiff's claims pursuant to Federal Question jurisdiction.

11. In consideration of the foregoing, this Court has personal jurisdiction over Defendant and venue is proper in this Court.

## CONDITIONS PRECEDENT

12. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this action against Defendant.

13. On or about January 13, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Defendant unlawfully discriminated against Plaintiff based on (i) race, (ii) national origin, and (iii) retaliation in retaliation in violation of Title VII; EEOC Charge Number 510-2020-03835.

14. On January 14, 2021, the EEOC issued Plaintiff a Notice of Sue.  The letter advised

Plaintiff that "Less than 180 days have passed since filing of [his] charge, but [the investigator has] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days form the filing of [his] charge" and advising Plaintiff he must file his claim damages arising out of unlawful discrimination and/or retaliation in violation of Title VII within ninety (90) days of Plaintiff's receipt of the Notice.

15.     Plaintiff timely files this Complaint seeking recovery of damages arising out of Defendant's unlawful discrimination and retaliation against Plaintiff in violation of the anti-retaliation protections set forth in Title VII within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Suit Rights letter.

## FACTUAL ALLEGATIONS

16.     Plaintiff commenced his employed with Defendant as a Sales Representative in about August 2018.

17.     In or about February 2019, Plaintiff was placed under the management and supervision of Lily Lourido ("Ms. Lourido").

18.     At all times relevant, Ms. Lourido had the authority to modify or adjust Plaintiff's work duties and responsibilities and administer workplace discipline including write-ups, suspensions, and termination.

19.     At all times relevant, Ms. Lourido had and continues to have a personal animus and bias against individuals of Dominican decent and especially individuals of Dominican decent with dark skin pigmentation like Plaintiff.

20.     Prior to assigning Plaintiff to work under the direct management and/or supervision of Ms. Lourido, Defendant, including its other managers and supervisors, had actual knowledge of Ms. Lourido's personal animus and bias against individuals of Dominican decent and especially

individuals of Dominican decent with dark skin pigmentation like Plaintiff.

21. Ms. Lourido treated Plaintiff different and worse than Plaintiff's co-workers that were not of Dominican decent and/or who did not have dark skin pigmentation like Plaintiff.

22. Ms. Lourido habitually subjected Plaintiff to ongoing and continuous unwarranted micromanagement, harsh and unwarranted work-related feedback, and arbitrary work-related discipline not enforced and/or dispensed by Ms. Lourido against co-workers that were not of Dominican decent and/or who did not have dark skin pigmentation like Plaintiff.

23. Ms. Lourido's micromanagement, harsh and unwarranted work-related feedback, discipline, and issuances of corrective actions for and against Plaintiff were not a legitimate or appropriate discipline but, rather, were motivated by Ms. Lourido's animus and bias against Plaintiff based on his race and national origin.

24. For no legitimate or necessary business purpose, Ms. Lourido regularly subjected Plaintiff to false and/or arbitrary criticism of his sales-related work performance, pulling Plaintiff away from the performance of his sales duties and subjecting Plaintiff to unnecessary coaching and training.

25. Plaintiff's job performance in sales was not below poor or warranting of criticism or necessitating additional coaching or training. To the contrary, Plaintiff was and remains highly skilled in sales, more so than many of his co-workers.

26. Ms. Lourido's micromanagement of Plaintiff's work performance in sales, her criticisms of Plaintiff's work performance, and her decision to pull Plaintiff from his sales duties and subjecting Plaintiff to unnecessary coaching was motivated by Ms. Lourido's bias and animus against Plaintiff based on the dark pigmentation of his skin and on his Dominican decent.

27. Plaintiff's compensation and work-performance evaluation was based on his sales

numbers. The more sales Plaintiff made, the more bonus and/or commission money Plaintiff would earn, and the higher Plaintiff would be evaluated for his sales performance.

28. Every time Ms. Lourido required Plaintiff to cease performing his sales duties and participate in coaching or training, the detour from Plaintiff's sales duties limited the time Plaintiff could devote to sales and lowered Plaintiff's sales numbers. In doing so, Plaintiff was not able to earn as much money and Plaintiff's sales performance reviews appeared lower or worse than his co-workers.

29. In one instance, Plaintiff approached Ms. Lourido and reported that a co-worker that was an African American called Plaintiff racist. In response, Ms. Lourido replied to Plaintiff, "You are a nigger too" and she laughed out loud and continued saying that "she can't call you racist" and laughed and continued "tell her to see your hair."

30. Plaintiff was extremely offended by Ms. Lourido's comments about Plaintiff's Dominican national origin and about Plaintiff's race, and especially Ms. Lourido referring to Plaintiff and his co-worker a nigger.

31. Ms. Lourido regularly made disparaging and offensive remarks about Plaintiff's Dominican nationality.

32. In one instance, while referring to individuals like Plaintiff of Dominican decent, Ms. Lourido stated as follows: "You people are all the same, same bad habits and presumptuous pero no te preocupes que tú mueres aquí," a saying from the Dominican Republic that means that you are not going anywhere, literally "but don't worry about it because you'll die here".

33. In or about March 2020, Plaintiff followed Defendant's company policies and guidelines and filed an internal human relations complaint to Defendant about Ms. Lourido's racist and discriminatory actions and Ms. Lourido's racist and discriminatory words and comments to,

about, and within earshot of Plaintiff regarding Plaintiff's dark skin pigmentation (and others with dark skin pigmentation) and Plaintiff's Dominican decent (and others of Dominican decent).

34. In Plaintiff's complaint, Plaintiff advised Defendant that he regarded Ms. Lourido's words and actions as highly offensive, and that Plaintiff believed that Ms. Lourido was acting on an animus or bias against Plaintiff based on his race and national origin and was subjecting Plaintiff to arbitrary, unwarranted, and harsher treatment in the workplace as compared to his co-workers.

35. Following Plaintiff filing his Complaint about Ms. Lourido's unlawful and discriminatory actions and treatment of Plaintiff, Ms. Lourido retaliated against Plaintiff by subjecting Plaintiff to more hostile and aggressive treatment.

36. Following Plaintiff filing his Complaint, Ms. Lourido suspended Plaintiff's employment on one or more occasions for false and arbitrary reasons and regularly threatened to suspend Plaintiff for other false or arbitrary reasons.

37. Following Plaintiff filing his Complaint, Ms. Lourido regularly threatening that she would terminate or find a way to terminate Plaintiff's employment.

38. Following Plaintiff filing his Complaint, during the period of about March 2020 through about January 2021, Ms. Lourido continued to make highly offensive and disparaging remarks to and about Plaintiff's Dominican decent and dark skin pigmentation, including:

    i. Offensive statements at or referring to Plaintiff that, "You Dominicans are all the same;"

    ii. Offensive statements at or referring to Plaintiff that "Fucking Negros never listen to instructions;"

    iii. Offensive statements at or referring to Plaintiff that implied that Dominican men, like Plaintiff, do not raise their own children;

iv. Offensive statements at or referring to Plaintiff regarding food and/or dietary habits of African Americans, including a statement that Plaintiff (along with other individuals that have the same skin pigmentation as Plaintiff) that "all you people eat that," referring to pig's feet;

v. Other regular and ongoing offensive and unflattering comments at or referring to Plaintiff regarding the texture of Plaintiff's hair and skin color.

39. Ms. Lourido subjected Plaintiff to unwarranted and/or arbitrary workplace discipline and continued to subject Plaintiff to highly offensive workplace discrimination in retaliation for Plaintiff filing a Complaint regarding Ms. Lourido's discriminatory words, actions, and treatment of Plaintiff and her bias against Plaintiff based on his race and national origin.

40. Defendant's actions caused Plaintiff to suffer lost wages and benefits, loss of enjoyment of life, humiliation, mental anguish and emotional distress in a damages amount of Two Hundred Fifty Thousand Dollars ($250,000.00) or such other larger amount as is awarded by a judge or jury.

**CAUSES OF ACTION**

**Count I**
**Disparate Treatment - Race Discrimination in Violation of Title VII**

41. Plaintiff restates and incorporates herein the allegations in the paragraphs above as if set forth in this Paragraph.

42. Plaintiff is a protected class in that his race is Dominican with a dark skin pigmentation similar to the race of an in individual of African American ancestry

43. Plaintiff's race was a motivating factor for the foregoing adverse actions, including unwarranted discipline and lower performance ratings and negatively affected the terms, conditions and privileges of Booth's employment in violation of Title VII.

44. Defendant subjected Plaintiff to disparate treatment based upon his race in violation of Title VII.

WHEREFORE, Booth requests that this Honorable Court enter judgment in his favor and against Defendant:

A. Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

B. Awarding Plaintiff his lost wages and benefits including interest thereon;

C. Permanently enjoining Defendant from future violations of Title VII;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff the reasonable attorneys' fees, costs and expenses incurred in this matter; and

F. Awarding such other relief as the Court deems just and appropriate.

## Count II
### Harassment (Race) in Violation of Title VII

45. Plaintiff restates and incorporates herein the allegations in the paragraphs above as if set forth in this Paragraph.

46. Plaintiff's race was a motivating factor for the foregoing adverse actions, including unwarranted discipline and lower performance ratings and negatively affected the terms, conditions and privileges of Booth's employment in violation of Title VII.

47. Defendant subjected Plaintiff to offensive and unwelcome comments, harassment and adverse actions because of his race.

48. The racial harassment and/or discrimination against Booth culminated in a hostile work environment.

49. Plaintiff suffered adverse employment actions, including but not limited to unfair performance ratings, unwarranted disciplinary action, and economic loss.

50. Defendant knew or reasonably should have known of the harassment and/or discrimination but failed to take appropriate remedial action.

51. Defendant acted negligently, recklessly and/or maliciously in failing to prevent the above-referenced unlawful employment practices and/or failing to investigate promptly and/or failing to take prompt remedial action to stop the harassment and/or discrimination.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant:

A. Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

B. Awarding Plaintiff his lost wages and benefits including interest thereon;

C. Permanently enjoining Defendant from future violations of Title VII;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff the reasonable attorneys' fees, costs and expenses incurred in this matter; and

F. Awarding such other relief as the Court deems just and appropriate.

### Count III
### Disparate Treatment - National Origin Discrimination in Violation of Title VII

52. Plaintiff restates and incorporates herein the allegations in the paragraphs above as if set forth in this Paragraph.

53. Plaintiff is a member of a protected class in that his national origin is Dominican.

54. Plaintiff's national origin was a motivating factor for the foregoing adverse actions, including discriminatory comments, unwarranted discipline, unfair and lower performance ratings

and negatively affected the terms, conditions and privileges of Plaintiff's employment in violation of Title VII.

55. Defendant subjected Plaintiff to disparate treatment based upon his national origin in violation of Title VII.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant:

A. Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

B. Awarding Plaintiff his lost wages and benefits including interest thereon;

C. Permanently enjoining Defendant from future violations of Title VII;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff the reasonable attorneys' fees, costs and expenses incurred in this matter; and

F. Awarding such other relief as the Court deems just and appropriate.

**Count IV**
**Harassment (National Origin) in Violation of Title VII**

56. Plaintiff restates and incorporates herein the allegations in the paragraphs above as if set forth in this Paragraph.

57. Plaintiff is a member of a protected class in that his national origin is Dominican.

58. Defendant subjected Plaintiff to offensive and unwelcome comments, harassment and adverse actions, because of his national origin.

59. The harassment and/or discrimination against Plaintiff culminated in a hostile work environment.

60. Plaintiff suffered adverse employment actions, including but not limited to unfair performance ratings, unwarranted disciplinary action and economic loss.

61. Defendant knew or should have known of the harassment and/or discrimination, but failed to take appropriate remedial action.

62. Defendant acted negligently, recklessly and/or maliciously in failing to prevent the above-referenced unlawful employment practices and/or failing to investigate promptly and/or failing to take prompt remedial action to stop the harassment and/or discrimination.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant:

A. Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

B. Awarding Plaintiff his lost wages and benefits including interest thereon;

C. Permanently enjoining Defendant from future violations of Title VII;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff the reasonable attorneys' fees, costs and expenses incurred in this matter; and

F. Awarding such other relief as the Court deems just and appropriate.

### Count V
### Retaliation in Violation of Title VII

63. Plaintiff restates and incorporates herein the allegations in the paragraphs above as if set forth in this Paragraph.

64. Plaintiff opposed and complained of the unlawful employment practices described above and raised and identified specific complaints through Defendant's internal human resources offices complaining about race and national origin discrimination and retaliation.

65. The foregoing adverse actions were taken because Plaintiff opposed the unlawful discrimination and retaliation and/or filed internal complaints with Defendant relating to the unlawful discrimination and retaliation, and negatively affected the terms, conditions and privileges of Plaintiff's employment in violation of Title VII.

66. Defendant's actions are likely to dissuade a reasonable worker from speaking out for his/her workplace rights and/or complaining about, objecting to and/or opposing discriminatory treatment.

67. Defendant's actions caused Plaintiff to suffer lost wages and benefits, loss of enjoyment of life, humiliation, mental anguish and emotional distress

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant:

A. Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

B. Awarding Plaintiff his lost wages and benefits including interest thereon;

C. Permanently enjoining Defendant from future violations of Title VII;

D. Awarding Plaintiff compensatory damages;

E. Awarding Plaintiff the reasonable attorneys' fees, costs and expenses incurred in this matter; and

F. Awarding such other relief as the Court deems just and appropriate.

## PRAYER FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all matters so triable.

        Respectfully submitted,

        /s/ Dana M. Gallup_____
        Dana M Gallup, Esq.
        Fla Bar No. 949329
        GALLUP AUERBACH
        4000 Hollywood Blvd
        Suite 265 South
        Hollywood, Florida 33021
        P: (954) 889-5125
        Email:  dgallup@gallup-law.com

        Roy Lyford-Pike, Esq.,
        *Pro Hac Vice*
        MD Bar No. CPF151260070
        Zipin, Amster & Greenberg, LLC
        8757 Georgia Avenue, Suite 400
        Silver Spring, Maryland 20910
        (301) 587-9373 (ph)
        Email:  rlpike@zagfirm.com

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dana M. Gallup
Dana M. Gallup. Esq.

**SERVICE LIST**

Roy Lyford-Pike, Esq.
*(Admitted Pro-Hac Vice)*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue
Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
RLyfordpike@ZAGFirm.com
*Attorneys for Plaintiff*

Zahira D. Díaz-Vázquez, Esq.
AT&T Services, Inc. – Legal Department
One CNN Center, SW1433C
Atlanta, GA 30303
Telephone (404) 893-7625
zahira.diaz@att.com
*Attorney for Defendant*